NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

―――――――――――――――――――――――――――― :
TRUSTEES OF ELEVATOR : 
CONSTRUCTORS UNION LOCAL NO. 1 :
ANNUITY & 401(K) FUND and TRUSTEES :
OF ELEVATOR CONSTRUCTORS UNION :
LOCAL NO. 1 EDUCATION & APPRENTICE :
TRAINING FUND, :
 : **Civil Action No. 12-7307 (ES)**
                    **Plaintiffs,** :
     **v.** : **MEMORANDUM**
 : **OPINION & ORDER**
**STATEWIDE ELEVATOR, LLC,** :
 :
                    **Defendant.** :
―――――――――――――――――――――――――――― :

**SALAS, DISTRICT JUDGE**

This action comes before the Court on the motion of plaintiffs Trustees of Elevator Constructors Union Local No. 1 Annuity and 401(k) Fund ("Annuity Fund") and Trustees of Elevator Constructors Union Local No. 1 Education and Apprentice Training Fund ("EAT Fund") (collectively, "Plaintiffs") for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), and the Court, having considered Plaintiffs' submissions, and it appearing that:

1.  On November 27, 2012, Plaintiffs commenced the instant action, claiming two counts against defendant Statewide Elevator, LLC ("Statewide" or "Defendant"): (a) a breach of contract pursuant to the Labor Management Relations Act of 1947 ("LMRA"); (b) an Employment Retirement Income Security Act of 1974 ("ERISA") violation; and (c) breach of a settlement agreement. (D.E. No. 1, ("Compl."); D.E. No. 7-3, Brief in Support of Motion for Default Judgment

("Plaintiffs' Brief")).

2.     On December 15, 2012, Defendant was served with a copy of the summons and complaint. (D.E. No. 4).

3.     The time for answering the complaint has expired, and Defendant has neither been granted an extension of time within which to answer, nor interposed an answer nor otherwise responded to the complaint.

4.     On March 14, 2013, Plaintiffs sent the Clerk of the Court a letter requesting that default be entered against Defendant. (D.E. No. 5).

5.     On March 14, 2013, the Clerk of the Court entered default as to this Defendant. (*See* D.E. dated March 14, 2013).

6.     On April 17, 2013, Plaintiffs filed a motion seeking default judgment, claiming two counts of relief: (1) a breach of contract under Section 301 of the LMRA and (2) a violation of ERISA. (Plaintiffs' Brief at 2).

7.     On April 17, 2013, Plaintiffs also provided Defendant with notice of their motion for default judgment. (D.E. No. 7-5).

8.     "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint . . . will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

9.     "Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2

(D.N.J. July 24, 2012) (internal citations omitted).

10. First, the Court finds that there has been sufficient proof of service because Defendant was served with the summons and complaint on December 15, 2012. (D.E. No. 4).

11. Second, the Court finds that there has been a sufficient cause of action stated. Here, in their default judgment motion, Plaintiffs argue that Defendant breached a contract under the LMRA because Defendant failed to provide contributions required under the collective bargaining agreement. (Plaintiffs' Brief at 2). The Court will construe Plaintiffs' motion as an effort to seek relief under only Count One of their complaint and, therefore, analyzes the sufficiency of the Plaintiffs' cause of action accordingly. In New Jersey, a plaintiff must allege three elements to state a cause of action for breach of contract: "(1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach." *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012). Plaintiffs have alleged: (1) that there was a contractual relationship based on both a collective bargaining agreement and settlement agreement, (Compl. ¶¶ 16, 27);[1] (2) that Defendant breached the contract when it failed to make the required payments, (*Id.* ¶¶ 20-21, 25, 31-32); and (3) that Plaintiffs suffered resulting damages in the amount of $39,078.32 for unpaid contributions, (*Id.* ¶¶ 18-19; D.E. No. 7-6, Exhibit A ("Ex. A")). Therefore, Plaintiffs have sufficiently alleged a cause of action for breach of contract.

---

[1] "It is well settled that a settlement agreement is a contract and that contracts must be interpreted according to local law." *IUE-CWA Pension Fund v. Piccirilli*, No. 05-5954, 2007 WL 496981 (D.N.J. Feb. 9, 2007) (citing *Wilcher v. City of Wilmington,* 139 F.3d 366, 372 (3d Cir.1998)).

12. In addition to the unpaid contributions, Plaintiffs can recover attorney's fees and litigation costs because the breach of contract constitutes an ERISA violation. Under Section 515 of ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. If the contributions remain unpaid, the Court may award unpaid contributions and the costs incurred in attempting to collect the contributions. 29 U.S.C. § 1132(g)(2) (2012).[2] Here, Plaintiffs alleged: (1) Defendant is an employer under ERISA, 29 U.S.C. § 1002(5), (Compl. ¶ 7); (2) Defendant signed a collective bargaining agreement that required it to "make timely monthly contributions to the [Annuity Fund and EAT Fund]," (*Id.* ¶ 10); (3) the Annuity Fund and EAT fund "are multiemployer funds with the meaning of . . . ERISA, 29 U.S.C. §§ 1002(3) and 1002(37)," (*Id.* ¶ 5); and (4) Defendant failed to make Annuity Fund contributions totaling $38,989.45 and EAT Fund contributions totaling $88.87. (*Id.* ¶¶ 18-19; Ex. A). Therefore, Plaintiffs have sufficiently alleged an ERISA violation, allowing them to recover unpaid contributions, along with the attorney's fees totaling $1800.00 and the litigation costs totaling $409.50. (*See* D.E. No. 7-1 ¶¶ 11-12).

13. Third, to determine whether granting default judgment is proper, the Court "must make factual findings as to (1) whether the party subject to default has a meritorious

---

[2] The costs incurred include the interest on the unpaid contributions and reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(2)(B),(D).

defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Here, the Court finds that granting default judgment is proper. First, absent any responsive pleadings from Defendant, meritorious defenses do not appear to be available. Second, the Court finds that Plaintiffs "will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant." *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). Finally, Defendant is culpable because it has been served with notice of this action but has failed to participate properly. (D.E. No. 7-5).

Accordingly, IT IS on this 6th day of December 2013,

**ORDERED** that Plaintiffs' motion for default judgment is GRANTED, and it is

**ORDERED** that judgment is hereby entered against Defendant Statewide in favor of Plaintiffs Annuity Fund and EAT Fund in the total amount of $41,287.82 and it is

**ORDERED** that the Clerk of the Court shall close this matter.


*s/Esther Salas*
**Esther Salas, U.S.D.J.**